[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action by Writ and Complaint claiming a dissolution of the 31-year marriage of the parties and other relief as on file came to this court on November 27, 1990, and thence to later dates when the matter was claimed to the limited contested list, and thence to the present time, when the parties appeared personally, with counsel, and offered evidence and testimony. CT Page 3200
Having heard the evidence and testimony and having considered the statutory criteria set forth in Sections46b-81 and 46b-82 of the Conn. Gen. Stats. and finds the following facts:
The plaintiff wife, whose maiden name was Margaret Connelly, and the defendant were intermarried on October 15, 1960, at Hartford, Connecticut.
The marriage of the parties has broken down irretrievably without prospect of reconciliation.
The plaintiff and defendant have no minor children issue of the marriage and no other minor children have been born to the plaintiff since the date of the marriage.
Neither party is receiving or has received financial assistance from any state of municipality.
The plaintiff was employed at the time of the marriage and left her employment for maternity reasons within one year after the marriage.
After the birth of the parties first child they both were licensed as foster parents and adopted a series of minor children in addition to the three children born to them.
The plaintiff was the primary caretaker of the parties' three minor children and of their adopted children and did not resume outside employment until 1977 when she became a teacher's aide in the Hartford School System.
The defendant worked in Maintenance at Emhart Corporation and apprenticed as an electrician weekends and nights and ultimately obtained an electrician's license.
The parties bought and restored several residences during the marriage, investing time, labor and materials in each of them and sold each, in turn, for a profit.
In 1978 the defendant formed a business association with two others which was known as Triangle Contractors. The defendant was the only active partner, the other two being relied on to obtain building permits by virtue of their respective trade licenses.
The profits and expenditures of Triangle were essentially those of the defendant alone. CT Page 3201
The plaintiff was the part-time bookkeeper for Triangle and worked for little or no financial remuneration. She was in a position to monitor the fiscal dealings and testified that the defendant had a lot of money to do as he wanted, but little found its way into the parties' home.
Beginning in 1978 the defendant began to spend many weekends at the Vermont residence which he and his father had acquired in 1972, and less time with his family.
In his best year, the defendant drew a $14,000.00 salary from Triangle. Through Triangle he acquired materials to renovate or build additional houses which were ultimately sold for appreciable profits. The defendant retained all profits remaining after expenditures for materials and subcontractors.
The plaintiff resumed clerical employment and, through a series of positions, came to hold the job of executive secretary with MRJ Communications at an annual salary of $20,000.00 in 1989. That job ended and the plaintiff commenced receiving unemployment benefits.
The defendant contributed little, if anything, to the plaintiff's support during the years of her employment.
The plaintiff received an inheritance from a close relative in 1990 which totalled approximately $150,000.00.
The court having heard evidence and testimony finds that legacy to be an asset of the plaintiff exclusively, and not an asset of the marriage.
In January 1985, the defendant suspended the operation of Triangle and went on a two-month vacation to, among other places, Florida and Texas.
In August 1985, the defendant advised the plaintiff that he did not want any further commitment and moved from the marital home to Slippery Rock, Pennsylvania for two years before returning to Connecticut. The parties have remained separated since 1985.
The defendant sold the remainder of the real property developed or built by Triangle.
At the time of this action the plaintiff owns her own condominium in East Windsor, valued at $115,000.00 and the defendant owns real property in the Town of Vernon having a value of $195,000.00 with equity of $40,000.00. He also owns real property in Springfield, Massachusetts valued at CT Page 3202 $108,000.00 and in Washington, North Carolina valued at $85,000.00. He also owns real property in Washington, Vermont valued at no less than $40,000.00.
After reviewing the foregoing facts the court hereby decrees that the marriage of the parties is dissolved and the parties are single and unmarried.
As part of its judgment, the court orders the defendant to convey to the plaintiff all of his right, title and interest in and to the real property located at 163 Pinneywoods, Springfield, Massachusetts, free and clear of all liens or encumbrances.
The defendant is also ordered to pay to the wife periodic alimony in the amount of $1.00 per year, for the remainder of her life or until her remarriage. Said sum to be modifiable as to amount if and when the plaintiff should cease receiving unemployment compensation benefits.
The parties shall retain all other assets listed on their respective financial affidavits and shall be responsible for their own debts as so listed, except the defendant shall hold the plaintiff harmless from any and all liability arising from monies owed to the Internal Revenue Service by the parties upon their previous joint tax returns.
BY THE COURT: J. W. DOHERTY, JUDGE